UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **SHAWN KAYLN WEATHERSBY** | **CRIMINAL ACTION NO. 05-60072** |
| | **CIVIL ACTION NO. 09-507** |
| **VERSUS** | **JUDGE DOHERTY** |
| **UNITED STATES OF AMERICA** | **MAGISTRATE JUDGE HANNA** |

*REPORT AND RECOMMENDATION*

Before the court is pro se plaintiff Shawn Kalyn Weathersby's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. (Rec. Doc. 65).  The motion is opposed.

*Background and Argument*

Shawn Kayln Weathersby pled guilty to one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) and was sentenced on July 28, 2006.[1]  The Minutes of Court read in pertinent part as follows:

> After having considered the guideline range provided by the Sentencing Reform Act of 1984, and in particular the factors noted in 18 U.S.C. §3553 and all otherwise relevant sentencing consideration, it is the judgment of this Court that as to Count 1 of the Indictment the defendant is hereby sentenced to 36 months (3 years) supervised probation, of which the defendant is to serve six (6) months in the City of Faith Halfway House. While there, he is to follow all rules and regulations of the program.  The defendant shall comply will the standard conditions, mandatory conditions and special conditions as follows:

---

[1]*Minutes of Court* (Rec. Doc. 26).

1

> 1.) The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of being placed on probation and at least two periodic drug tests thereafter, as directed by the probation officer as per the provisions of the 1994 Crime Control bill, and any additional conditions as ordered by the probation officer, which may include, but are not limited to attendance at community-based support groups, participation in individual or group treatment and participation in a residential drug treatment program.[2]

Three petitions for revocation were filed, one due to violations of the rules of City of Faith Halfway House, and two for multiple positive drug tests for methamphetamine and/or cocaine.[3] At the first revocation hearing, the defendant was allowed to continue his supervised probation at City of Faith Halfway House. At the second revocation hearing, held because of multiple positive drug screens, the defendant was allowed to participate in an inpatient treatment program.[4] However, after completion of the inpatient treatment at Acadiana Recovery Program, the defendant again tested positive for cocaine, and a third petition for revocation was filed.[5]

On January 22, 2008, the court held a sentencing revocation hearing.[6] At the

---

[2] *Minutes of Court* (Rec. Doc. 27).

[3] *Petitions for Warrant or Summons for Offender Under Supervision* (Rec. Docs. 29, 39 (under seal), 45 (under seal)).

[4] *Minutes* (Rec. Docs. 33 and 43).

[5] *Amended Petition for Warrant or Summons for Offender Under Supervision* (Rec. Doc. 45).

[6] *Minutes of Court Sentencing Revocation Hearing Held 1/22/08* (Rec. Doc. 49).

hearing the defendant admitted to the charged violations of the terms of his supervised probation.[7] The court found that on the date of the original sentence, July 28, 2006, the statutory maximum period of imprisonment if convicted of felon in possession of a firearm was 10 years.[8] The court also found the sentencing guidelines for the original offense were, *inter alia*, "two to eight months incarceration, two to three years supervised release, supervised release would not have been mandatory then."[9] The court then evaluated the sentencing guidelines for a violation of probation, and noted consumption or possession of cocaine was a Grade B violation, which when coupled with his category IV criminal history produced a revocation guidelines range of imprisonment of 12 to 18 months.[10] The court then allowed the parties, pursuant to <u>Gall v. United States</u>, 128 S.Ct. 586 (2007), to argue for whatever sentence they deemed appropriate.[11] Defendant's counsel argued as follows:

> MR. GAUTHIER: Mr. Weathersby apparently has a serious drug problem, although he tells me that today he is sober and could pass a drug test.
>
> THE COURT: Okay.
>
> MR. GAUTHIER: He - - the range of imprisonment called for under the Guidelines is 12 to 18 months. . . And, therefore, we ask the Court to

---

[7] *Transcript of Revocation Hearing* (Rec. Doc. 60), p. 6.

[8] *Transcript of Revocation Hearing* (Rec. Doc. 60), p. 9.

[9] *Transcript of Revocation Hearing* (Rec. Doc. 60) p. 9.

[10] *Transcript of Revocation Hearing* (Rec. Doc. 60) p. 8.

[11] *Transcript of Revocation Hearing* (Rec. Doc. 60), p. 10.

sentence him to no more than 12 months. A 12-month period would allow him to, certainly to be in an environment that would be drug free, to allow him to perhaps have more intense drug treatment, and to give him an opportunity to beat the drug problem that he has, and I don't want to speak adverse to my client. He tells me that he is drug free now and could pass a drug test, but notwithstanding that, his record indicates clearly that he's got a substantive and substantial drug problem that needs to be addressed, and it was unfortunately not able to be addressed within an inpatient situation, and it's probably going to have to be addressed while he's incarcerated, but I'm asking the Court to do so, to sentence him not in a punitive manner, but in a manner that allows him to try to address his problem that he has because, I mean, that's what has to be addressed is the drug problem that he has. Thank you.[12]

The government did not present argument except to state it joined "in the probation's request for guidelines of 12 to 18 months."[13]

After hearing argument, the court imposed a sentence of 60 months incarceration, with a recommendation to the Bureau of Prisons (BOP) that the defendant be placed in a facility that provides the most intensive drug program available in which the defendant was eligible to participate.[14]

Counsel for defendant objected to the sentence as follows:

[W]e would respectfully object to the ruling of the Court, asserting that a lesser period of time could be utilized to accomplish the same goals and citing to the Court the same U.S.S.G. provision that tended to indicate or indicated that his addiction should not be considered punitively, and again, I'm not as familiar with the provision, but I cite the same provision to the

---

[12]*Transcript of Revocation Hearing* (Rec. Doc. 60), p. 10, 11.

[13]*Transcript of Revocation Hearing* (Rec. Doc. 60), p. 11.

[14]*Minutes of Court* (Rec. Doc. 49).

Court that the Court cited to us.[15]

The court responded it was not using the defendant's addiction punitively and not considering same in establishing the applicable guidelines, but instead was considering it in looking at the factors under 18 U.S.C. § 3553(a); specifically, his need for educational, vocational, or medical treatment.[16]

The defendant appealed his sentence, and the Fifth Circuit affirmed same on December 15, 2008, issued as mandate on January 6, 2009.[17] This motion followed.

In his motion, the defendant argues the court committed "fundamental error" in failing to give the parties written notice of its intent to upwardly depart from the sentencing guidelines. Specifically, the defendant argues the government, defense counsel, and probation all recommended sentencing him within the guidelines range, but the court instead sentenced him to 60 months, well in excess of the recommended sentencing range without written notice of its intent to do so.

The defendant also argues he was denied effective assistance of counsel because counsel failed to object to the lack of written notice of intent to upwardly depart from the sentencing guidelines and counsel failed to object to the Court's stated reasons for the departure.

---

[15]*Transcript of Revocation Hearing* (Rec. Doc. 60), p. 21.

[16]*Transcript of Revocation Hearing* (Rec. Doc. 60), p. 21 - 23.

[17]*Judgment* (Rec. Doc. 64).

5

Specifically, the defendant argues counsel should have objected to the court's reasoning that the longer imprisonment term would allow him to participate in an intensive BOP drug treatment program, as this is not accurate. The defendant argues inmates with firearm offenses are put on a lengthy waiting list for this program, which the defendant calls the "DAP" program, because participation in that program does not reduce their sentence as it does inmates with other convictions.

Additionally, the defendant argues counsel should have objected to the court's reasoning that a longer sentence would promote respect for the law, because his probation violation was not an act of disrespect but was due to his drug addiction to prescription medications. Counsel should have objected that the defendant's violations were not willful because he is a drug addict and the entire revocation proceeding should have been dismissed.

The defendant also argues counsel should have objected to the court's reasoning that a five year sentence was necessary to "break the pattern of habit," as he is a drug addict and without proper medical and psychological treatment a forced period of abstinence will not cure his disease.

The defendant further argues counsel should have objected that his technical violations of his probation, by failing drug screens, were not related to his original offense of felon in possession of a firearm and thus failed to reach the "heartland" relationship required for an upward departure.

Finally, the defendant argues counsel was ineffective in failing to object to the court's inclusion of a state court felony conviction and sentence at hard labor for two and one-half years in the calculation of his criminal history level at a level IV.

***Applicable Law and Discussion***

A federal prisoner may collaterally attack his conviction and sentence by filing a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255. Section 2255 provides four grounds justifying relief: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack." The Fifth Circuit interpreted the standard as follows:

> Following a conviction and exhaustion or waiver of the right to direct appeal, we presume a defendant stands fairly and finally convicted. United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir.1991)(en banc), cert. denied, 502 U.S. 1076, 112 S.Ct. 978, 117 L.Ed.2d 141 (1992). As a result, review of convictions under section 2255 ordinarily is limited to questions of constitutional or jurisdictional magnitude, which may not be raised for the first time on collateral review without a showing of cause and prejudice. Id. Other types of error may not be raised under section 2255 unless the defendant demonstrates that the error could not have been raised on direct appeal and, if condoned, would result in a complete miscarriage of justice. United States v. Pierce, 959 F.2d 1297, 1301 (5th Cir.), cert. denied, 506 U.S. 1007, 113 S.Ct. 621, 121 L.Ed.2d 554 (1992).

United States v. Cervantes, 132 F.3d 1106, 1109 (5th Cir.1998).

The defendant could have but did not argue as error on direct appeal the court's failure to give written notice of its intention to sentence him outside of the sentencing

guidelines range. As a result, it should not be considered on collateral review. Therefore, the undersigned turns to review of the ineffective assistance of counsel claims.

To prevail on an ineffective assistance of counsel claim, a petitioner must establish two things: (1) his attorney's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's deficient performance, the outcome of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed. 2d 674 (1984). The burden is on the petitioner to show that counsel's representation fell below an objective standard of reasonableness. Id. at 688. The court's scrutiny shall be "highly deferential" and the court must apply a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689-90, 2065-2066. See also Marler v. Blackburn, 777 F.2d 1007, 1010 (5th Cir. 1985).

To establish prejudice, the defendant must demonstrate that the attorney's actions "were so serious as to render the proceedings unreliable and fundamentally unfair." United States v Saenz-Forero, 27 F.ed 1016, 1019 (5th Cir. 1994); Carter v. Johnson, 110 F.3d 1098, 1110 (5th Cir. 1997). The Strickland court further outlined the extent of prejudice that must be established by the defendant:

> [A]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of the criminal proceeding if the error had no effect on the judgment. Cf. United States v. Morrison, 449 U.S. 361, 364-65 (1981).

Strickland, supra, at pages 691, 694-95; see also Taylor v. Maggio, 727 F.2d 241 (5th Cir.

1984); U.S. v. Diaz, 733 F. 2d 371 (5th Cir. 1984).

In establishing prejudice, "any amount of actual jail time has Sixth Amendment significance." Glover v. United States, 531 U.S. 198, 203 (2001); United States v. Grammas, 376 F.3d 433, 436 (5th Cir. 2004).  Accordingly, Weathersby must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different, i.e. he would have received less jail time.

Because both Strickland factors, that of deficient performance and prejudice, must be satisfied, "an ineffective assistance contention may be rejected on an insufficient showing of prejudice, without inquiry into the adequacy of counsel's performance." Strickland, 466 U.S. at 689-94.  If the defendant does not make a sufficient showing as to one prong, the other need not be considered. Tucker v. Johnson, 115 F.3d 276, 281 (5th Cir. 1997); Bryant v. Scott, 28 F.3d 1411, 1415 (5th Cir. 1994).  Petitioner must satisfy both prongs of Strickland and in no particular order. Murray v. Maggio, 736 F.2d 279, 282 (5th Cir. 1994).

An attorney cannot be found ineffective for failing to raise a meritless objection. Sones v. Hargett, 61 F.3d 410, 415 n.5 (5th Cir. 1995).   The policy statements in Chapter 7 for revocation of probation are advisory, not mandatory.  See United States v. Escalmilla, 70 F.3d 835 (5th Cir. 1995); United States v. Mathena, 23 F.3d 87, 92 (5th Cir. 1994).  The due process and Rule 32 requirements for notice of departure from the guidelines do not apply to non-binding, advisory policy statements.  See United States v.

Hofierka, 83 F.3d 357, 362 (11th Cir. 1996). The Supreme Court in Irizarry v. United States, 553 U.S. 708, 128 S.Ct. 2198 (2008), recently held that written notice of an intention to impose a sentence outside the guidelines range was not required when the court imposes a sentence at variance from the sentencing guidelines, when the court sentences a defendant after consideration of the factors under 28 U.S.C. § 3553(a).

The court in this matter sentenced Weathersby after consideration of the sentencing guidelines applicable to the original offense, consideration of the policy statements of Chapter 7, and the factors under 28 U.S.C. § 3553(a). Therefore, the undersigned finds the defendant's argument that counsel was ineffective in failing to object to the lack of written notice of the court's intent to vary upwards from the suggested guidelines range is without merit.

The defendant's arguments that counsel should have objected to the court's reasons for the increased sentence are likewise without merit. First, counsel did object to the length of the sentence, arguing that "a lesser sentence could be imposed and accomplish the goals necessary, which include medical care and treatment, which again is very clear and apparent to all present, your Honor."[18] The transcript shows there was no basis to support any further objection, and even if counsel had objected, it would not have changed the outcome.

Moreover, the court carefully considered the length of the prison sentence

---

[18] *Transcript of Revocation Hearing* (Rec. Doc. 60), p. 24, 25.

necessary to allow the defendant both to "break the pattern of conduct and habit," as well as to allow him a possibility of participation in a BOP intensive drug program, both considerations designed to provide defendant with needed education and vocational training and medical care. The court reviewed its prior attempts over a two year period to help the defendant get his drug problem under control with probation and drug rehabilitation treatment: "And given the fact that everything we've been able to give him for two years hasn't even made a dent, he got out of inpatient in September, November he was testing dirty already."[19] The court acknowledged that entry into the BOP drug program required a wait time: "Well, given the fact it didn't make it in two and that, in this court's experience, anything under three years you can't - - you reduce one's ability or likelihood to be able to get into the intensive drug treatment program with BOP. . . ."[20] Therefore, the undersigned finds even a specific objection by counsel that the defendant would be subject to a lengthy wait with no guarantee of getting into the BOP program would not have altered the sentence.

Likewise, the court considered the seriousness of the underlying offense, possession of a firearm by a convicted felon, and noted the defendant's probation was not revoked for positive drug tests for prescription medication but because of four positive

---

[19] *Transcript of Revocation Hearing* (Rec. Doc. 60), p. 24.

[20] *Transcript of Revocation Hearing* (Rec. Doc. 60), p. 25.

drug tests for illegal drugs – cocaine and/or methamphetamine.[21]  Therefore, the undersigned finds no basis for counsel to have objected to the court's reasoning that the sentence imposed would promote respect for the law and consideration of the seriousness of defendant's underlying offense.

Finally, the defendant's argument that counsel should have objected to his criminal history category is without merit.  The parties do not dispute that the defendant was sentenced at one time to two and a half years of hard labor and this prior conviction and sentence appeared on the pre-sentence report and was included in calculating Weathersby's criminal history category.   The defendant's argument appears to rest on the invalidity of the underlying state conviction.  However, counsel had no apparent basis to challenge the state conviction and sentence.  Moreover, even if the sentence had not been included in the criminal history category calculation so that the sentencing guideline range would have been lower, the court gave detailed reasons for its imposition of a sentence outside of the suggested guidelines, and the undersigned finds no reason to believe a lower guidelines calculation would have produced a lesser sentence.  Thus, even if counsel had objected, and the objection had any merit, the defendant has shown no prejudice as the court was not required to impose any lesser sentence.

***Recommendation***

For the reasons given above,

---

[21]*Transcript of Revocation Hearing* (Rec. Doc. 60), p. 14, 15, 16

**IT IS RECOMMENDED** that Shawn Kalyn Weathersby's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. (Rec. Doc. 65) be **DENIED**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and**

**Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. § 2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

Lafayette, Louisiana, this 31st day of August, 2010.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)